# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BURLINGTON INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-01623-RCJ-GWF |
| vs. ) | |
| ) | |
| GREATER PERSHING PARTNERSHIP et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This case arises out of injuries sustained by non-parties from a falling tree branch and the question of an insurance company's duty to defend or indemnify five Defendants in the resulting state court tort action. Pending before the Court are Plaintiff's motion for offensive summary judgment against all Defendants and Plaintiff's motion for default judgment against Defendant Greater Pershing Partnership ("GPP"). All Defendants except GPP—which has been served but has never appeared—have stipulated to a judgment in favor of Plaintiff. No Defendant responded or appeared at the hearing. The Court grants the motions.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff The Burlington Insurance Co. ("Burlington") is a North Carolina corporation with its principal place of business in that state. (*See* Compl. ¶ 2, Sept. 21, 2010, ECF No. 1). Defendant GPP is a non-profit Nevada corporation. (*Id.* ¶ 3). Defendants Roger Mancebo, Dave Ayoob, and Darin Bloyed were at all relevant times members of the Pershing County Board of Supervisors (the "Board"). (*Id.* ¶¶ 7–9).

Burlington entered into an insurance contract with GPP, number 011B005866, effective

December 1, 2007 to December 1, 2008 (the "Insurance Contract"). (*Id.* ¶ 11).  On or about September 1, 2009, non-parties Virginia Rose and Kirsten Hertz sued Pershing County, Nevada (the "County"), Mancebo, Ayoob, and Bloyed in state court, Case No. CV09-10800 (the "State Court Case"). (*Id.* ¶¶ 5–6, 12).  The amended complaint in the State Court Case added GPP as a defendant and alleged that due to the defendants' negligence in failing to maintain the property, a falling tree branch injured Rose and Hertz on County property during the Frontier Days event on July 27, 2008. (*Id.* ¶¶ 13–14).  The County, Mancebo, Ayoob, and Bloyed filed a crossclaim ("CC") for contribution, indemnity, and breach of contract against co-defendant GPP. (*Id.* ¶¶ 15–16).  The CC alleged that in consideration for permission to use the County's facilities to stage Frontier Days, GPP "agreed to supply liability insurance naming Pershing County as an additional insured and to indemnify Pershing County for any claims for liability sought by third parties against Pershing County, its officers, employees and agents" arising out of Frontier Days. (*Id.* ¶ 16).  The CC alleged that GPP in fact failed to name Pershing County as an insured on the Insurance Contract and has refused to defend the County, Mancebo, Ayoob, and Bloyed in the State Court Case. (*Id.*).

Burlington agreed to defend GPP in the State Court Case, subject to a reservation of rights, including the ability to seek a declaration of the rights and obligations of the parties to the Insurance Contract. (*Id.* ¶ 17).  Accordingly, Burlington has sued GPP, the County, Mancebo, Ayoob, and Bloyed in diversity in this Court on three causes of action: (1)–(2) declaratory judgment; and (3) reimbursement.

First, Burlington seeks a declaration that it has no duty to defend GPP, the County, Mancebo, Ayoob, or Bloyed in the State Court Case, because: (1) the Insurance Contract bars coverage for injury to any member of GPP, and Rose was a member of GPP at all relevant times; (2) the Insurance Contract bars coverage for injury to any employees of GPP injured in the course and scope of employment, and Hertz was an employee of GPP injured in the course and

scope of employment at Frontier Days; and (3) the County, Mancebo, Ayoob, and Bloyed are not insureds under the Insurance Contract. In other words, only one of the five defendants in the State Court Case (who are also the five Defendants in the present case) is an insured under the Contract, and the claims against that insured (GPP) are not covered, because the claimants are a member and an employee injured in the scope of employment, respectively.

Second, Burlington seeks a declaration that it has no contractual duty to indemnify GPP, the County, Mancebo, Ayoob, or Bloyed in the State Court Case, because there is simply no indemnification clause in the Insurance Contract.

Third, Burlington seeks damages measured by the attorney's fees and costs it has expended so far in defending GPP in the State Court Case, because the Insurance Contract in fact requires no such defense.[1]

Burlington has moved for offensive summary judgment against all parties except GPP, and Burlington has asked the Court to enter a default judgment against GPP. The Clerk has already entered default against GPP. (*See* Clerk's Entry of Default, Feb. 14, 2011, ECF No. 19). GPP was served with the Summons and Complaint in Lovelock, Nevada on November 1, 2010 but has made no appearance. (*See* Proof of Service of Summons, Nov. 1, 2010, ECF No. 9). Two days before the hearing on the present motions, all parties except GPP submitted a stipulated judgment in favor of Plaintiff, which the Court has not yet signed.

## II.    LEGAL STANDARDS

### A.    Summary Judgment

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson*

---

[1] Burlington has undertaken the defense of GPP in the State Court Case subject to a reservation of rights, (*id.* ¶ 17), presumably as a precaution to avoid a claim for bad faith.

1  *v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if

2  there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See*

3  *id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported

4  claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary

5  judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)
(citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears
the burden of proving the claim or defense, the moving party can meet its burden in two ways:
(1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2)
by demonstrating that the nonmoving party failed to make a showing sufficient to establish an
element essential to that party's case on which that party will bear the burden of proof at trial.
*See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden,
summary judgment must be denied and the court need not consider the nonmoving party's
evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party
to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio
Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing
party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment
by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v.*

*List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### B.     Default Judgment

Federal Rule of Civil Procedure 55(b) permits a default judgment following the entry of default by the clerk under Rule 55(a). When the requested relief is anything other than a sum certain or a sum that can be made certain by computation, the party must apply to the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b)(1)–(2). The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should look at seven discretionary factors before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id*.

Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc.*

*v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).  The plaintiff is required to prove all damages sought in the complaint, and those damages may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).  If sufficiently documented and detailed, damages claims may be fixed by an accounting, declarations, or affidavits. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

**III.    ANALYSIS**

    Plaintiff adduces a copy of the Insurance Contract. (*See* Certified Policy 011B005866, ECF No. 24-4, at 4).  The single "Named Insured" is "THE GREATER PERSHING PARTNERSHIP." (*See id.*, ECF No. 24-4, at 14).  The Insurance Contract does not appear to contain an indemnification clause.  Neither the County nor the Board members appear to qualify as insureds, but only GPP and certain agents thereof. (*See id.*, ECF No. 24-5, at 14).  The Court therefore grants summary judgment to Plaintiffs and will include in the present order the findings in the proposed stipulated judgment.  Finally, The Court grants the motion for default judgment against GPP in the amount of $29,307.23.

**IV.    FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    1. Pershing County, Roger Mancebo, Dave Ayoob, and Darin Bloyd are not insureds under the written insurance contract between The Burlington Insurance Company and Greater Pershing Partnership, number 011B005866, effective December 1, 2007 to December 1, 2008.

    2. The Burlington Insurance Company never had, and does not now have, any duty to defend Pershing County, Roger Mancebo, Dave Ayoob, and/or Darin Bloyd in the action entitled *Virginia Rose and Kirsten Hertz v. Pershing County et. al.* in the Sixth Judicial District Court of the State of Nevada for Pershing County, Case No. CV09-10800.

    3. The Burlington Insurance Company does not have, and never will have, any duty to indemnify Pershing County, Roger Mancebo, Dave Ayoob, and/or Darin Bloyd in connection with the action entitled *Virginia Rose and Kirsten Hertz v. Pershing County et. al.* in the Sixth

1  Judicial District Court of the State of Nevada for Pershing County, Case No. CV09-10800.

2  **CONCLUSION**

3  IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 24) is

4  GRANTED.

5  IT IS FURTHER ORDERED that the Motion for Default Judgment (ECF No. 25) is

6  GRANTED.  Default Judgment is entered against Greater Pershing Partnership and in favor of

7  The Burlington Insurance Co. in the amount of $29,307.23

8  IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case,

9  accordingly.

10  IT IS SO ORDERED.

11  Dated this 2nd day of December, 2011.

_____
ROBERT C. JONES
United States District Judge